**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: Anita Kramer Meshkatai,<br><br>        Debtor/Appellant,<br><br>vs.<br><br>Fidelity Express Network, Inc.; and<br>Fidelity National Financial, Inc.,<br><br>        Appellees. | No. CV-08-1155-PHX-DGC<br><br>No. 2:07-bk-05071-PHX-JMM<br>No. BAP-AZ-08-1130<br><br>**ORDER** |

Appellant Anita Meshkatai appeals from an order dismissing her chapter 11 bankruptcy case. Dkt. #7. Appellant's husband, Farid Meshkatai, has joined the appeal. Dkt. #9. Appellees Fidelity Express Network, Inc. and Fidelity National Financial, Inc. have elected not to file a response. Dkt. #13. For reasons stated below, the Court will affirm the order of dismissal.[1]

**I.    Background.**

WWAS Holdings, Pty, Ltd. ("WWAS") sought to foreclose on a deed of trust against the Meshkatais' primary residence located in Paradise Valley, Arizona. Dkt. #7 at 5. The foreclosure proceedings were automatically stayed on August 31, 2007, when Mr. Meshkatai filed a chapter 11 bankruptcy petition. No. 2:07-bk-04382-RJH, Dkt. #1. The petition was dismissed on September 7, 2007. *Id.*, Dkt. #11.

---

[1] The request for oral argument is denied because the Meshkatais have thoroughly discussed the law and evidence and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

One month later, Appellant filed a chapter 11 bankruptcy petition. No. 2:07-bk-05071-JMM, Dkt. #1. WWAS filed a motion to lift the automatic stay. *Id.*, Dkt. ##44. United States Bankruptcy Judge James Marlar granted the motion on April 9, 2008. *Id.*, Dkt. ##119-20.

Appellees, who have a $13 million judgment against the Meshkatais (*see id.*, Dkt. #44, Ex A at 3), filed a motion to dismiss the bankruptcy case for cause. *Id.*, Dkt. #137. Judge Marlar issued an order granting the motion on May 6, 2008. *Id.*, Dkt. #147. The order contains the following provision:

> If the Debtor and/or her husband, Farid Meshkatai, file any future petition for relief under any chapter of title 11 of the United States Code, then: (i) the venue for the filing of such petition shall be the United States Bankruptcy Court for the District of Arizona; (ii) if the petition is filed in any other district, then the venue of such case shall be transferred to the United States Bankruptcy Court for the District of Arizona; and (iii) without further Order, the Clerk of the United States Bankruptcy Court for the District of Arizona immediately shall assign such case to the Honorable James M. Marlar for all proceedings.

*Id.* ¶ 2. The Meshkatais challenge this provision. Dkt. #155; No. CV-08-1155, Dkt. ##7, 9.

## II. Standard of Review.

Under 11 U.S.C. § 105(a), bankruptcy courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [title 11]." *See In re Hessinger & Assocs.*, 192 B.R. 211, 216 (N.D. Cal. 1996). In ruling that future bankruptcy filings by the Meshkatais are to be assigned to him, Judge Marlar presumably relied on the equitable power granted him under § 105(a). *See* Dkt. #7 at 4. Courts "review final rulings on § 105(a) injunctions for an abuse of discretion." *In re First Alliance Mortgage*, 264 B.R. 634, 644 (C.D. Cal. 2001); *see In re Reinertson*, 241 B.R. 451, 454 (9th Cir. BAP 1999). "'A court abuses its discretion when it bases its decision on an erroneous conclusion of law or when the record contains no evidence on which it could rationally base its decision.'" *In re Sierra Fin. Servs., Inc.*, 290 B.R. 718, 726 (9th Cir. BAP 2002) (citation omitted).

## III. Appellant.

Appellant does not dispute that where a bankruptcy petition is filed in bad faith, the bankruptcy judge has authority to order that all of the debtor's future bankruptcy filings be

- 2 -

1  assigned to him. Appellant contends that Judge Marlar abused his discretion, however, because his finding that Appellant "failed to ratchet down her standard of living" after filing bankruptcy "does not equate to egregious conduct and there is nothing in the record to support the life-time requirement to be bound by venue in the District of Arizona, let alone one particular Judge." Dkt. #37 at 10.

The Court disagrees. In granting WWAS' motion for relief from the automatic stay, Judge Marlar specifically found that Appellant's bankruptcy filing was a transparent attempt to stall the foreclosure proceedings without payment to WWAS and that such cases are "subject to dismissal as bad-faith filings[.]" No. 2:07-bk-05071-JMM, Dkt. #119 at 3. Judge Marlar also found that Appellant maintained a "pampered and self-indulgent lifestyle" that "does not appear conducive to the 'belt-tightening' expected of most debtors." *Id.*

Those findings are supported by the record. Appellant's proposed bankruptcy plan was not effective in part because she is unemployed and her "sole income comes from unidentified trusts or funds sent to her by her husband from mysterious or undisclosed sources." *Id.* at 2-4 & n.1. In February 2008, Appellant received $27,000 in income and spent nearly the entire amount on such things as a nanny and a personal trainer, shopping trips to department stores, landscape and pool maintenance, computer, cable, and cell phone expenses for herself and her children, and pet expenses. *Id.*, Dkt. #119 at 2-3; Dkt. #80. The following month's expenses totaled nearly $29,000, including ski vacations, yoga classes, pedicures, and garden services. *Id.*, Dkt. #135. Notably, Appellant acknowledges that despite her substantial monthly income, she filed bankruptcy for the sole purpose of stopping WWAS' foreclosure proceedings. *Id.*, Dkt. 44 at 3-5; No. CV-08-1155, Dkt. #7 at 5, ¶ 2.

"The Bankruptcy Code was created for the honest debtor." *In re Yimam*, 214 B.R. 463, 466 (Bankr. D. Md. 1997). Because the record supports the finding that Appellant filed bankruptcy in bad faith, Judge Marlar did not abuse his discretion by requiring that all of Appellant's future bankruptcy filings be assigned to him.

Appellant contends that she was not given an opportunity to voice her concerns about the requirement. No. CV-08-1155, Dkt. #7 at 9. The record shows, however, that Appellant

1 filed a written objection to the requirement and submitted a proposed order of dismissal. *See*
2 No. 2:07-bk-05071-JMM, Dkt. ##143-44. Judge Marlar rejected Appellant's proposed order
3 in favor of the one submitted by Appellees. *Id.*, Dkt. ##142, 147. While Appellant may
4 disagree with that decision, she was not denied an opportunity to object.

5 **IV.    Farid Meshkatai.**

6        Mr. Meshkatai contends that by including him in the order of dismissal Judge Marlar
7 exceeded his jurisdiction and denied Mr. Meshkatai due process. Dkt. #9 at 10-15.
8 Mr. Meshkatai does not dispute that he had notice of his wife's bankruptcy proceedings.
9 Nor does he dispute that only months before his wife's bankruptcy case was filed, he filed
10 bankruptcy in this District for the sole purpose of thwarting WWAS' foreclosure effort. *See*
11 *id.*, Dkt. #44 at 7.

12        When debtors "have filed tag-team bankruptcies in order to avoid [a creditor's]
13 legitimate efforts to recover [its] collateral," the "multiple filings are evidence of bad faith
14 and evidence of the fact that the [debtors] are abusing the bankruptcy process." *In re Price*,
15 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004); *see In re McCray*, 342 B.R. 668, 670 (Bankr.
16 D.D.C. 2006); *In re Copeland*, 268 B.R. 273, 278 (Bankr. D. Kan. 2001); *In re Kinney*, 51
17 B.R. 840, 844-45 (Bankr. C.D. Cal. 1985). Judge Marlar specifically found that the
18 Meshkatais' successive bankruptcy filings were "just gamesmanship." No. 2:07-bk-05071-
19 JMM, Dkt. #44, Ex. A at 9.

20        Under § 105(a) of the Bankruptcy Code, Judge Marlar had both "the power and the
21 duty to implement an appropriate order to prevent the continuing abuse of the bankruptcy
22 process by the [Meshkatais]." *In re Yimam*, 214 B.R. at 466. The Court concludes that
23 Judge Marlar did not commit legal error or otherwise abuse his discretion by ordering that
24 future bankruptcies by Mr. Meshkatai be assigned to him. *See In re Kinney*, 51 B.R. at 845
25 (where multiple bankruptcies were filed by different members of the Kinney family in order
26 to avoid foreclosure "the actions of each family member [would] be imputed to the rest of
27 the family due to the unity of interest and concert of action"); *In re McCray*, 342 B.R. at 670
28 (barring any further bankruptcy by the debtor or her husband from giving rise to an automatic

stay against foreclosure proceedings where the McCrays' successive filings were in bad faith); *In re Roeben*, 294 B.R. 840, 848-49 (Bankr. E.D. Ark. 2003) (finding that the debtor and her spouse acted in concert and charging the spouse with constructive knowledge of the bankruptcy proceedings where they previously had filed multiple bankruptcies to avoid foreclosure); *In re Allnutt*, 220 B.R. 871, 890 (Bankr. D. Md. 1998) (permanently enjoining debtor and his spouse from contesting the validity of estate sales).

**V.     Conclusion.**

Judge Marlar did not bar the Meshkatais from filing bankruptcy in the future. He ordered that any such cases be assigned to him. Judge Marlar had the authority to impose that restriction under 11 U.S.C. § 105(a), and his decision to impose it was not an abuse of discretion given the evidence of bad faith on the part of the Meshkatais. The Court will affirm the order of dismissal. *See* Fed. R. Bankr. P. 8013. If the Meshkatais file bankruptcy in the future and believe that the case should be transferred from this District or that Judge Marlar should recuse himself, they may file motions seeking such relief.

**IT IS ORDERED:**

1. Judge Marlar's order of dismissal (No. 2:07-bk-05071-JMM, Dkt. #47) is **affirmed**.
2. The Clerk is directed to terminate this case.

DATED this 16th day of December, 2008.

_David G. Campbell_
David G. Campbell
United States District Judge